UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate Judge No. 13-2106-MBB

UNITED STATES OF AMERICA

v.

DZHOKHAR TSARNAEV

**MEMORANDUM AND ORDER RE:
MOTION TO APPOINT LEARNED COUNSEL
(DOCKET ENTRY # 10)**

**April 29, 2013**

**BOWLER, U.S.M.J.**

Pending before this court is a motion filed by defendant Dzhokhar Tsarnaev ("the defendant") to appoint two attorneys that are "'learned in the law applicable to capital cases'" within the meaning of 18 U.S.C. § 3005 ("section 3005"). (Docket Entry # 10) (quoting section 3005). The defendant requests appointment of Judy Clarke, Esq. ("Attorney Clarke"), an attorney who practices in San Diego, California, and David I. Bruck, Esq. ("Attorney Bruck"), a clinical professor of law at Washington and Lee University School of Law and director of the school's death penalty defense clinic. After the close of business on Friday, April 26, 2013, the defendant submitted a copy of a financial affidavit to support the motion.[1]

At present, the defendant is represented by three attorneys:

---

[1] Defendant's counsel represented to the Clerk that she would submit the original for filing. At this juncture, defendant's counsel has not submitted the original.

Miriam Conrad, Esq., the federal public defender for the District of Massachusetts; and Timothy G. Watkins, Esq. and William W. Fick, Esq. ("Attorney Fick"), each assistant federal public defenders for the District of Massachusetts.   Attorney Fick speaks the defendant's native language, Russian.

The defendant is charged in a criminal complaint with two federal offenses, 18 U.S.C. § 2332a(a) ("section 2332a(a)") and 18 U.S.C. § 844(i) ("section 844(i)").   Section 2332a(a) proscribes the use of a weapon of mass destruction and, "if death results," allows for the imposition of the death penalty.   18 U.S.C. § 2332a(a).   Section 844(i) makes unlawful the malicious damage or destruction of property "by means of fire or an explosive" and, "if death results[,]" it also carries the death penalty.   18 U.S.C. § 844(i).

Section 3005 states that:

> Whoever is *indicted* for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall *promptly*, upon the defendant's request, *assign 2 such counsel, of whom at least 1 shall be learned in the law applicable to capital cases,* and who shall have free access to the accused at all reasonable hours.

18 U.S.C. § 3005 (emphasis added).   By its terms, the plain language of the statute applies to defendants "indicted" for a capital crime.   "As the statute is written, the word 'promptly' is used in relation to a prior event-namely, the indictment of the defendant upon a capital crime."   In re Sterling-Suarez, 306

F.3d 1170, 1173 (1st Cir. 2002) (dicta).[2]  Here, the defendant is
charged in a criminal complaint as opposed to an indictment.
Accordingly, the defendant's request to appoint learned counsel
under section 3005 is premature.

Section 3599 of Title 18 of the United States Code ("section
3599") also governs appointment of counsel "in every criminal
action in which a defendant is charged with a crime which may be
punishable by death . . . ."  18 U.S.C.A. § 3599; see Martel v.
Clair, 132 S.Ct. 1276, 1284 (2012) ("Congress enacted . . . [18
U.S.C.] § 3599 to govern appointment of counsel in capital cases,
thus displacing § 3006A for persons facing execution").  The
statute "guarantees that indigent defendants in federal capital
cases will receive the assistance of counsel, from pretrial
proceedings through stay applications." Martel v. Clair, 132
S.Ct. at 1283 (dicta).  Furthermore, it entitles a defendant to
"the appointment of one *or more* attorneys" when a defendant is
"financially unable to obtain *adequate* representation . . . ."  18
U.S.C. § 3599(a)(1) (emphasis added).  The *Guide to Judicial
Policies and Procedures* similarly cites section 3599(a)(1) as
allowing appointment of "more than two attorneys . . . to
represent a defendant in a capital case."  7 *Guide to Judicial*

---

[2]  The defendant in Sterling-Suarez was indicted by the time
the court addressed the meaning of the term "promptly."  Id. at
1171.  Nevertheless, the court's interpretation of the statute's
language elucidates the application of the statute to the case at
bar.

*Policies and Procedures*, ch. VI, § 620.10.10(b) ("the Guide").[3]
At least one of the defendant's present counsel is qualified to
represent the defendant under section 3599(b).

A federal death penalty case implicates particular
procedural requirements, see <u>United States v. Lopez-Matias</u>, 522
F.3d 150, 155 (1st Cir. 2008); <u>In re Sterling-Suarez</u>, 306 F.3d at
1172 (explaining procedure and avenues for defense counsel to
argue against death penalty); <u>United States Attorneys' Manual</u>, §
9-10.080 (July 2011), and "is extremely demanding to defend
because of the effort and pressure involved," <u>United States v.</u>
<u>Wilson</u>, 354 F.Supp.2d 246, 249 (E.D.N.Y. 2005).  In light of the
circumstances in this case, the defendant requires an attorney
with more background, knowledge and experience in federal death
penalty cases than that possessed by current counsel.

Appointment of Attorney Clarke is therefore justified to
provide the defendant with adequate and proper representation.
Attorney Clarke is willing to serve as counsel.  Of the two
requested attorneys, Attorney Clarke has more experience in
federal capital cases based on the defendant's submissions.  Her

---

[3]  The defendant cites this section of the Guide to support
appointment of the two attorneys.  (Docket Entry # 10).  The
relevant provision reads as follows:

§ 620.10.10 Federal Death Penalty Cases . . .

(b) Under 18 U.S.C. § 3599(a)(1), if necessary for adequate
representation, more than two attorneys may be appointed to
represent a defendant in a capital case.

7 *Guide to Judicial Policies and Procedures*, ch. VI, §
620.10.10(b).

background, knowledge and experience enable her to provide adequate representation to the defendant.[4]  An additional attorney at this time is neither necessary nor required.

To qualify for appointment, the defendant must also show that he is "financially unable to obtain adequate representation."  18 U.S.C. § 3599(a)(1).  The financial affidavit provides the necessary showing.

CONCLUSION

The motion (Docket Entry # 10) is **ALLOWED** to the extent that Attorney Clarke is appointed to represent the defendant.  The request to appoint a second attorney, Attorney Bruck, is **DENIED** without prejudice to be renewed in the event of an indictment and subject to a further showing under the law and the facts to support such an appointment.

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[4]  Indeed, her qualifications demonstrate she is "learned in the law" of capital cases within the meaning of section 3005.