UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                     )<br>)<br>DZHOKHAR TSARNAEV,          )<br>        Defendant.              )<br>                                        ) | Crim No. 13-CR-10200-GAO |

**MOTION FOR LEAVE TO FILE MEMORANDUM AMICUS CURIAE OF THE AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MASSACHUSETTS IN SUPPORT OF DEFENDANT'S MOTION TO VACATE SPECIAL ADMINISTRATIVE MEASURES**

The American Civil Liberties Union Foundation of Massachusetts (ACLUM) respectfully moves for leave to file a proposed memorandum as amicus curiae (attached hereto as Exhibit A) in support of defendant Dzhokhar Tsarnaev's Motion to Vacate Special Administrative Measures ("SAMs") Imposed on Defendant and Defense Counsel. The reasons for this motion are as follows.

ACLUM is a non-profit, statewide membership organization that defends the civil rights and civil liberties established by the United States and Massachusetts Constitutions. ACLUM has a longstanding interest in protecting the attorney-client relationship and preserving the right to counsel enshrined in the Sixth Amendment of the United States Constitution and article 12 of the Massachusetts Declaration of Rights. See, e.g., Lavallee v. Justices in the Hampden Superior Court, 442 Mass. 228 (2004) (co-counsel challenging the low rate of compensation authorized for court-appointed counsel as a violation of defendants' constitutional right to counsel); Commonwealth v. Manning, 373 Mass. 438 (1977) (amicus challenging government's

government's intentional interference with attorney-client relationship). ACLUM has filed amicus briefs in many courts, including this Court. See, e.g., Br. of Amicus Curiae ACLU of Massachusetts, Blum v. Holder, No. 1:11-cv-12229-JLT (D. Mass. filed May 21, 2012).

In this case, ACLUM's amicus memorandum focuses specifically and exclusively on the provisions of the SAMs that relate to defense counsel. The attorney-client provisions of the SAMs are no trifling matter. They threaten Tsarnaev's Sixth Amendment rights because they require substantial expenditures of attorney time; they limit the information that Tsarnaev's attorneys can pass on from Tsarnaev to other people; and they give the Bureau of Prisons apparent authority to decide which documents defense attorneys can show Tsarnaev himself. The government understates the impact of these restrictions and overstates their justifications. ACLUM's memorandum seeks to clarify the legal analysis governing these provisions.

For these reasons, ACLUM respectfully requests that it be permitted to file its memorandum amicus curiae.

Respectfully submitted,

/s/ Matthew Segal
Matthew R. Segal (BBO#654489)
msegal@aclum.org
Jessie J. Rossman (BBO#670685)
jrossman@aclum.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
 OF MASSACHUSETTS
211 Congress Street
Boston, MA 02110
Tel: (617) 482-3170
Fax: (617) 451-0009

Dated: November 5, 2013