UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

ORDER
November 27, 2013

O'TOOLE, D.J.

In accordance with a schedule established by Magistrate Judge Bowler, the government provided automatic discovery materials specified in Local Rules 116.1 and 116.2 to the defendant on or before September 3, 2013. Pursuant to Local Rule 116.3, the defendant made written requests for additional discovery on September 23, 2013, to which the government replied by letter on September 30, 2013. Dissatisfied with the government's reply, the defendant moved to compel the government to provide information responsive to nine discovery requests. The defendant contends that he is entitled to such information either under Brady v. Maryland, 373 U.S. 83 (1963), and following cases, or Federal Rule of Criminal Procedure 16, or both. The government asserts that it has fully complied with its present discovery obligations.

**I.**    **Discovery under *Brady***

In a line of cases beginning with Brady, the Supreme Court has made clear that the prosecution in a criminal case has an affirmative duty to disclose information in its possession that is favorable to the defendant and material to the question of guilt or punishment. See Kyles v. Whitley, 514 U.S. 419, 432-33 (1995) (summarizing cases). See also United States v.

Prochilo, 629 F.3d 264, 268 (1st Cir. 2011). Evidence is "material" for these purposes only if there is a reasonable probability that it could affect the outcome of the trial. United States v. Bagley, 473 U.S. 667, 682 (1985). Such information is commonly referred to as "Brady material." Generally speaking, Brady material falls into one of two categories–that which tends to be more or less directly exculpatory in that it casts doubt on the defendant's guilt, and that which is indirectly exculpatory in that it tends to impeach the reliability of other prosecution evidence. Under this Court's Local Rules, the government must provide directly exculpatory material and some impeachment material as part of its automatic discovery, see L.R. 116.2(b)(1), and other impeachment material no later than 21 days before trial, unless otherwise ordered, see L.R. 116.2(b)(2). The government's obligation to provide Brady material to the defendant is ongoing.

The object is to assure that the defendant ultimately receives a fair trial, as required by the constitutional guarantee of due process. "Brady disclosure is a *trial* right. The principle supporting Brady was avoidance of an unfair trial to the accused." United States v. Pray, 764 F. Supp. 2d. 184, 189 (D.D.C. 2011) (internal quotation marks omitted). Accordingly, to satisfy the constitutional principle, Brady information need only be disclosed "in adequate time for the information to be used effectively by the defense at trial." United States v. Brassard, 212 F.3d 54, 56 (1st Cir. 2000). Our Local Rules aim to regularize the timing of discovery obligations and thereby reduce unnecessary motion practice, but they do not alter the constitutional rule. Moreover, they allow for the alteration of timetables by order of the Court as may be appropriate. See L.R. 116.1(e), (f).

The defendant argues that in some potential death penalty cases courts have permitted discovery of information that may be favorable to the defendant as mitigation evidence as early as possible so that it may be used in conjunction with participation in the Department of Justice's

death penalty authorization procedures. The government's position is that the defendant's request for mitigation-related information is premature, as its discovery obligations are directed toward the trial of the case, not the Department's internal deliberations. There is some merit to both contentions, but the question of the timing of any disclosures is secondary to the prior question whether the government possesses <u>Brady</u> material that it has not produced.

The government has asserted that it has diligently reviewed the materials it has gathered regarding the prosecution of the defendant and has provided to him all materials that it has determined fall within the scope of its obligation under <u>Brady</u> and related cases. There is no indication that its representation to this Court is not made in good faith. The defendant has not offered any information tending to show that the government possesses specific <u>Brady</u> material that it has withheld from disclosure.

"There is no general constitutional right to discovery in a criminal case, and <u>Brady</u> did not create one." <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977). "The government is primarily responsible for deciding what evidence it must disclose to the defendant under <u>Brady</u>." <u>Prochilo</u>, 629 F.3d at 268 (citing <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 59-60 (1987))."And at least where a defendant has made only a general request for <u>Brady</u> material, the government's decision about disclosure is ordinarily final–unless it later emerges that exculpatory evidence was not disclosed." <u>Id.</u>

The defendant's requests for further production are not specific and targeted but rather broad and categorical. They call for the production of "all documents" in various categories (requests 5, 7, 8, and 9), "all information and documents" in another (request 1), "complete immigration A-files" (request 2), and similarly encompassing requests for various reports, transcripts, and the like (requests 3 and 4). His general argument is that if given access to all of

these materials, he will be able to find evidence favorable to his mitigation case. That argument turns the Brady doctrine on its head. Under Brady and following cases, it is the government's responsibility to identify and provide exculpatory material in its possession, an obligation that is enforceable by vacation of a conviction obtained when a breach of that obligation is demonstrated. While it is no doubt true that "the eye of an advocate may be helpful to a defendant in ferreting out information," nonetheless, "[u]nless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final. Defense counsel has no constitutional right to conduct his own search of the [government]'s files to argue relevance." Ritchie, 480 U.S. at 59.

In some circumstances a defendant might point to particular information in the government's possession and argue that it is exculpatory and material in the necessary Brady sense, despite the government's implicit or articulated view to the contrary. The Court could then review the identified information in camera to resolve the dispute. See Prochilo, 629 F.3d at 268. But in seeking an in camera review, the defendant cannot rely on "mere speculation," but rather must "be able to articulate with some specificity what evidence he hopes to find in the requested materials, why he thinks the materials contain this evidence, and finally, why this evidence would be both favorable to him and material." Id. (citation omitted). The defendant has not made such a showing as to any of the categories in his present motion.

## II.     Discovery under Federal Rule of Criminal Procedure 16(a)(1)(E)

Separate from constitutionally required disclosure by the government of exculpatory material, Rule 16 of the Federal Rules of Criminal Procedure requires the prosecution in a criminal case to provide certain information in its possession to the defense:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible

> objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> 
>  (i) the item is material to preparing the defense;
>  (ii) the government intends to use the item in its case-in-chief at trial; or
>  (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). The defendant argues that the materials he seeks by his present motion constitute "item[s] . . . material to preparing the defense" within the meaning of subpart (i) of this Rule because the materials will help him prepare his mitigation case. The government responds that the defendant has not shown that the requested information is "material" in the necessary sense.

Before getting to that main issue, there is a minor skirmish to be addressed. The government argues that the "defense" referred to in the rule is defense to the government's case for conviction, not a defendant's arguments regarding punishment. In making the argument, the government cites United States v. Armstrong, where the Supreme Court held that a claim of selective prosecution by the defendant was not part of his "defense" within the meaning of the discovery provision, because the rule referred to a defense to the government's case in chief, and the defendant's claim of selective prosecution was a collateral attack on the indictment. 517 U.S. 456, 462-63 (1996). Considering Armstrong, the Sixth Circuit has held that the "defense" referred to in the rule does not encompass sentencing hearings. United States v. Robinson, 503 F.3d 522, 531-32 (6th Cir. 2007).

In a non-death penalty case, it may well be appropriate not to extend Rule 16(a)(1)(E)(i) to require pretrial disclosure of information that is material only to sentencing. However, sentencing in a federal death penalty case is unique in that it involves a hearing "before the jury that determined the defendant's guilt." 18 U.S.C. § 3593(b)(1). The penalty phase is a part of the bifurcated trial. United States v. Catalan Roman, 376 F. Supp. 2d 108, 113 (D.P.R. 2005)

(collecting cases). Therefore, I conclude that in the context of a death-eligible case, discovery under Rule 16(a)(1)(E)(i) includes information material to defense preparation for the penalty phase.

Now the main dispute. The information requested to be produced must be "material" to the defense, and the defendant bears the burden of making a "prima facie showing of materiality." United States v. Bulger, 928 F. Supp. 2d 305, 324 (D. Mass. 2013) (quoting United States v. Carrasquillo-Plaza, 873 F.2d 10, 12 (1st Cir. 1989)). "[T]he requested information must have more than an abstract relationship to the issue presented; there must be some indication that the requested discovery will have a significant effect on the defense." Id. (internal quotation marks omitted). In the Rule 16 context, materiality depends on "not only the logical relationship between the information and the issues in the case, but also the importance of the information in light of the evidence as a whole." In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 93, 125 (2d Cir. 2008) (citation omitted). In other words, the information sought must not only be relevant (having a logical relationship to the issues), it must also be material, that is, having some significant tendency to "alter the quantum of proof in [the defendant's] favor." United States v. Zhen Zhou Wu, 680 F. Supp. 2d 287, 290 (D. Mass. 2010) (quoting United States v. Ross, 511 F.2d 757, 763 (5th Cir. 1975)).

The defendant has not made a prima facie showing of materiality under Rule 16(a)(1)(E)(i) as to any of his discovery requests. Instead, he relies on general assertions. As an example, he contends that material found in the immigration A-files of family members will help in presenting his full life history.[1] Again, he conflates relevance and materiality. Rule 16 does

---

[1] The defendant cites the statement in Tennard v. Dretke, 542 U.S. 274, 285 (2004), that penalty-phase mitigation evidence has "virtually no limits." The point is inapposite. In Tennard, the Court

6

not require the pretrial disclosure of all evidence relevant to the defense, but only such relevant evidence as is material.

What the standard is for assessing materiality under Rule 16(a)(1)(E)(i) is somewhat unsettled. See United States v. Pesaturo, 519 F. Supp. 2d 177, 190 (D. Mass. 2007). Some courts have concluded that it "essentially tracks the Brady materiality rule." United States v. LaRouche Campaign, 695 F. Supp. 1290, 1306 (D. Mass. 1988). Others have had an arguably more latitudinarian view. See United States v. Lloyd, 992 F.2d 348, 351 (D.C. Cir. 1993) (stating that "evidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal") (quoting United States v. Felt, 491 F. Supp. 179, 186 (D.D.C. 1979)). Still others seem to cite both articulations, as if there was no substantial difference between them. See United States v. George, 786 F. Supp. 56, 58 (D.D.C. 1992).

The defendant has not made a prima facie showing of materiality under any of these formulations. He essentially seeks access to the government's information haystack because he is confident there are useful evidentiary needles to be found there. That is simply not enough to trigger a disclosure obligation under Rule 16(a)(1)(E)(i). Contrast the generality of the defendant's presentation here with the very specific showing of materiality made in Pesaturo. In that case, the defendant presented detailed information in support of his claim to the discoverability of the identity of a non-testifying informant. 519 F. Supp. 2d at 181-83. There is not a similar showing here.[2]

---

was assessing the "constitutional relevance" of evidence of mental retardation in a penalty-phase trial. It did not address the question of materiality under Rule 16.

[2] In request 9, the defendant seeks "[a]ll documents concerning the investigation of the 2011 triple homicide in Waltham, MA, on September 10-11, 2011." In addition to the reasons discussed in the text as to all his requests, this request should also be denied because of the qualified "law

The defendant also contends that certain materials are discoverable under Rule 16(a)(1)(E)(ii) as items that the government "surely" intends to use in its case in chief. The government represented at oral argument that it has produced all such items. I accept that representation in the absence of any specific indication to the contrary. As noted, the government's discovery obligations are ongoing, and if it later appears that the government has not produced material covered by Rule 16(a)(1)(E)(ii), the matter can be revisited.

### III.  Discovery under Federal Rule of Criminal Procedure 16(a)(1)(B)

In request 6, the defendant seeks production of all "[a]udio recordings of telephone calls from FMC Devens and reports/transcripts concerning/comprising those calls if/as they are created" under Rule 16(a)(1)(B), which states that:

> Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing . . .
>     (i) any relevant written or recorded statement by the defendant if:
> - the statement is within the government's possession, custody, or control; and
> - the attorney for the government knows--or through due diligence could know--that the statement exists . . . .

Fed. R. Crim. P. 16(a)(1)(B)(i). The government has responded that while it is obliged only to produce "relevant" recorded statements by the defendant, it will voluntarily produce reports or transcripts of his calls on a periodic basis.

In light of that position, the only distance between the parties is that the defendant seeks the audio recordings of the defendant's phone calls, not just reports or transcripts. Because the actual audio recording may convey information beyond the meaning of the words themselves as they appear in a transcript, such as vocal inflection, I agree with the defendant that the recordings

---

enforcement investigatory privilege," which protects from disclosure investigative files in an ongoing criminal investigation. See Cabral v. U.S. Dep't of Justice, 587 F.3d 13, 23 (1st Cir. 2009). The defendant has not articulated a specific need for these privileged materials, much less a need which overrides the need to keep confidential the details of an ongoing investigation.

are the "best evidence" in full of his statements and should be disclosed to him. Accordingly, I grant the motion insofar as it seeks production of the recordings, subject to the following limitation. Unless otherwise ordered by the Court, the audio recordings are to be accessible only to the defendant himself and defense counsel with an appearance in the case, in order to guard against accidental public dissemination. I add this limitation not because of any Special Administrative Measure imposed by the Bureau of Prisons, but as a modest precaution in aid of the eventual selection of a fair and impartial jury.

The government shall disclose to the defendant and make available for inspection or copying any recordings of the defendant's telephone calls on a rolling basis, as such recordings are made, to the extent that the recorded statements are relevant either to the crimes charged or sentencing.

**IV.** **Conclusion**

For the foregoing reasons, the defendant's Motion to Compel (dkt. no. 112) is GRANTED only as to Defense Request #6 and is otherwise DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge