UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 13-CR-10200-GAO |
| v. | ) | |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**REPLY TO GOVERNMENT'S SURREPLY
TO DEFENDANT'S MOTION FOR CHANGE OF VENUE
AND REQUEST FOR EVIDENTIARY HEARING**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully files this reply and declaration of Professor Neil Vidmar in response to the Government's Surreply to the Defendant's Motion for Change of Venue [DE 512].

The Government has launched an unfair and unwarranted attack on the defense venue expert, Professor Edward Bronson, attempting to discredit not only his conclusions but also his methodology and professional competence.  In the process, the Government has also attacked the integrity of one of the most experienced and well-respected venue experts in the country.  This assault, offered in lieu of any actual evidence in support of its position, has at most created an issue of disputed fact concerning the validity of both the polling results and media analysis, both of which detected pervasive prejudice in the District of Massachusetts.  Inasmuch as the government has attempted to raise numerous issues of fact, the defendant submits that the Court can resolve these issues only after conducting an evidentiary hearing concerning the extent and effect of both massive pretrial publicity and the direct impact of the Marathon bombing on the jury-eligible

1

population of the District of Massachusetts. The issues of fact raised by the Government's surreply cannot be resolved in the Government's favor simply on the basis of its own unsupported allegations.

Upon receiving the Government's responsive pleading attacking the work of Dr. Bronson, defense counsel contacted another distinguished national expert in the field of social science and the law, Professor Neil Vidmar of Duke University, and asked him to review and assess Dr. Bronson's work in this case and the Government's challenge to it. Professor Vidmar's declaration is attached as Exhibit A.

Professor Vidmar has been conducting research and testifying as an expert in pretrial publicity cases for more than three decades. As can be seen from a review of his C.V., a copy of which is attached, Professor Vidmar is exceptionally well-qualified in the field of social science research and law. Given his background and interest in the area of pretrial publicity, Professor Vidmar was willing to undertake a preliminary review of Dr. Bronson's work to assess its validity. As reflected in his declaration, Professor Vidmar has in essence concluded that:

- Professor Bronson's assessment of the likely prejudicial effects of the pretrial publicity and the salience of the case within the District of Massachusetts is correct;
- the survey and associated materials are based on sound social science and methodology;

- the differences found between potential venues are sufficient to indicate excessive prejudice in the District of Massachusetts, and support the proposition that venue should be changed;

- the survey results are representative and strongly indicate that the case is far more salient to the residents of Massachusetts than to residents of the other areas surveyed;

- Professor Bronson's media study reveals differences between the media coverage of the areas studied that is extreme enough to indicate that deeper inquiry will likely widen the gap of salience and prejudice among the areas studied, rather that narrow it;

- the Government's attempt to replicate Professor Bronson's method by listing the top 50 articles through use of innocuous search terms is misleading and at variance with standards used in social science research;

- Professor Bronson's top level media study was performed adequately given time constraints, and produced scientifically acceptable results that indicate an extremely high and consistent level of exposure, greatly increasing the salience of the case to the residents of Massachusetts, particularly in comparison with other areas;

- the Government's surreply is ill-informed as to other areas, including its further attacks on both Professor Bronson and his methodology, and,

- the prejudicial effect of massive publicity and the direct and indirect experiences of many members of any jury pool chosen from the Boston area are unlikely to be overcome by voir dire examination of prospective jurors.

Dr. Vidmar's declaration, although necessarily preliminary (given the short amount of time he has had to provide it) constitutes further evidence that the defendant's Motion for Change of Venue should be granted, or alternatively that there should be an evidentiary hearing on the defendant's notion for change of venue.

## Conclusion

The defendant requests that the Court grant his Motion for Change of Venue on the basis of the evidence presented in support of his motion, or in the alternative that the Court hold an evidentiary hearing to address and resolve disputed facts and expert conclusions.

      Respectfully submitted,
      DZHOKHAR TSARNAEV
      By his attorneys

      /s/   Judy Clarke

      Judy Clarke, Esq. (CA Bar # 76071)
      CLARKE & RICE, APC
      1010 Second Avenue, Suite 1800
      San Diego, CA 92101
      (619) 308-8484
      JUDYCLARKE@JCSRLAW.NET

      David I. Bruck, Esq.
      220 Sydney Lewis Hall
      Lexington, VA 24450
      (540) 460-8188

BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 29, 2014.

*/s/ Judy Clarke*