UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10200-GAO

UNITED STATES OF AMERICA

v.

DZHOKHAR A. TSARNAEV,
Defendant.

OPINION AND ORDER
December 23, 2014

O'TOOLE, D.J.

The defendant moves for an order allowing him ten additional peremptory challenges in addition to the twenty challenges allocated to each side by Rule 24(b)(1) of the Federal Rules of Criminal Procedure. The defendant primarily argues that extra peremptory challenges are warranted in this case to remedy extensive pretrial publicity.

Rule 24(b)(1) provides straightforwardly that "[e]ach side has 20 peremptory challenges when the government seeks the death penalty." The Rule permits courts "to allow additional peremptory challenges to multiple defendants." Fed. R. Crim. P. 24(b). There is no parallel authority in the Rule, however, for allocating extra challenges to a single defendant such as Mr. Tsarnaev. Id.; United States v. Gullion, 575 F.2d 26, 29 (1st Cir. 1978) (rejecting defendant's request for extra peremptory challenges in light of pretrial publicity and holding that there "is no authority in [Rule 24(b)] for according extra challenges to a single defendant.").

In support his motion, the defendant points to an unpublished 2013 decision by a district court in another circuit, United States v. McCluskey, wherein the court permitted the defendant eight additional peremptory challenges. In the two cases primarily relied upon by the McCluskey court for its decision, however, the district courts had granted additional challenges to both the defendant and the government. See United States v. Blom, 242 F.3d 799, 804 (8th Cir. 2001) (noting that the district court "increase[ed] the number of peremptory strikes for each side"); United States v. Moussaoui, No. 01-cr-455, 2002 WL 1987955, at *1 n3 (E.D. Va. Aug. 16, 2002) ("Each side will be permitted to exercise a maximum of 25 peremptory strikes, which may be used as to either alternates or regular jurors at the party's discretion."). The McCluskey case is unpersuasive, especially in light of the plain language of Rule 24. The Rule authorizes a court to increase the number of peremptory challenges in one circumstance—where there are multiple defendants being tried together—and it easily could have authorized it in others if that were Congress' intention. For example, it could have provided that extra peremptories could be allowed "in the interest of justice," or some similar formulation. Instead, the Rule was written to provide that "[e]ach side has 20 peremptory challenges" in a death penalty case. A plainer statement could not have been made.

The defendant also cites Skilling v. United States, 561 U.S. 358, 359, 373, 375 n.7 (2010), to argue that the Supreme Court has implicitly approved the granting of additional peremptory challenges to criminal defendants as a remedy to vindicate fair trial rights. The case, however, involved multiple defendants who were jointly allotted two extra peremptory challenges. Because there were "multiple defendants," permitting the defendants to exercise additional peremptory challenges was explicitly permitted by Rule 24(b).

For the foregoing reasons, the defendant's Motion for Extra Peremptory Challenges (dkt. no. 683) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge