UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 13-10200-GAO |
| | ) | |
| DZHOKHAR TSARNAEV | ) | |

**REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR LEAVE TO REFERENCE AND/OR QUOTE CERTAIN MATERIALS IN PUBLIC FILINGS**

Defendant, Dzhokhar Tsarnaev, by and through counsel, respectfully submits this Reply to the government's Opposition ("Opp.") [DE 1036] to his Motion for Leave to Reference and/or Quote Certain Materials in Public Filings [DE 1032].

Most of the government's Opposition attacks a straw man: the prospect of unsealing and publicly disclosing complete juror questionnaires and voir dire transcripts. *See, e.g.*, Opp. at 3 (arguing that "providing access to full unredacted transcripts of the voir dire of individual jurors might well reveal other information" such as health issues and criminal records; and arguing that unfettered public access to the "great wealth of personal information that is provided in the questionnaires" might allow observes to "piece together" identities.)  But that is not what that the defendant has requested. Rather, defense counsel simply seek leave, in court filings and arguments, to

1. refer to or quote relevant information from the questionnaires that does not include any identifying information, most of which has already been described and/or quoted in public voir dire, and

2.  to refer to or quote from transcripts of voir dire proceedings which were

    conducted in public and already have been extensively described and quoted in

    news coverage.

The vast bulk of the information is thus already public, and to the extent a discrete

relevant piece of analogous questionnaire information did not happen to be mentioned in

public voir dire, there is no logical reason to preclude it from becoming public.  Such

information, which is integral to the parties' court pleadings, is not only presumptively

subject to a right of public access but is critical to public understanding in this case of the

parties' arguments and the decisions of both this Court and the Court of Appeals about

whether a change of venue is required to assure a fair trial by an impartial jury.

The practice of public quotation and reference to documents that, themselves,

remain under seal is not unusual.  For example, in the Court of Appeals, Pre-Sentence

Reports ("PSRs") in criminal cases are filed under seal, precisely because they contain a

wealth of sensitive personal information.   However, parties commonly refer to and

quote, in their publicly filed briefs, portions of PSRs that are relevant to the legal issues

being litigated, and the Court of Appeals commonly refers to and quotes PSRs in

published decisions.   The defendant essentially proposes to treat the juror questionnaires

and voir dire transcripts in similar fashion here.

With regard to the arguments and rulings on motions to excuse for cause, the

government's concerns about possible influence on other jurors are speculative and

remote in light of the Court's emphatic and repeated orders to the prospective jurors to

avoid news coverage.

With regard to the number of jurors qualified on a given day, the defendant seeks this relief principally so that he may seek unsealing in the Court of Appeals of his Second Petition for Mandamus, which noted the number of jurors qualified as of the date of filing.  To the extent the Court revealed the total as of February 13, it is difficult to conceive any harm that might result from the unsealing of other court papers that mention the total as of the date of filing.

Respectfully submitted,

DZHOKHAR TSARNAEV
by his attorneys

/s/      William W. Fick

Judy Clarke, Esq. (CA Bar # 76071)
CLARKE & RICE, APC
1010 Second Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484
JUDYCLARKE@JCSRLAW.NET

David I. Bruck, Esq.
220 Sydney Lewis Hall
Lexington, VA 24450
(540) 460-8188
BRUCKD@WLU.EDU

Miriam Conrad, Esq. (BBO # 550223)
Timothy Watkins, Esq. (BBO # 567992)
William Fick, Esq. (BBO # 650562)
FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
(617) 223-8061
MIRIAM_CONRAD@FD.ORG
TIMOTHY_WATKINS@FD.ORG
WILLIAM_FICK@FD.ORG

## **Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 15, 2015.

*/s/   William W. Fick*